# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ARTHUR HARRIS,

    Plaintiff,

vs.

CRST VAN EXPEDITED, INC.,

    Defendant.

No. 13-CV-119-LRR

**ORDER**

_____

## I. INTRODUCTION

The matter before the court is CRST Van Expedited, Inc.'s ("CRST") "Motion for Protective Order" ("Motion") (docket no. 54).

## II. RELEVANT PROCEDURAL HISTORY

On December 18, 2014, the court held a Final Pretrial Conference ("FPTC"). On January 16, 2015, CRST filed the Motion. On January 18, 2015, Harris filed a Resistance (docket no. 56). On January 21, 2015, Chief Magistrate Judge Jon S. Scoles held a telephonic hearing ("Hearing") on the Motion.

## III. ANALYSIS

In the Motion, CRST requests that the court bar Harris from taking the depositions of Dr. Michael Herrera and Dr. Paul Reinholtz. CRST also requests that the court award attorneys' fees to CRST related to the preparation and filing of the Motion. Harris argues that the court should deny the Motion because he "discussed his intention to take these depositions for use at trial during the FPTC on December 18, 2014" and that CRST "voiced no objections or concerns." Resistance at 1. Harris deposed Dr. Paul Reinholtz on January 20, 2015 without CRST. Harris scheduled the deposition of Dr. Michael Herrera for January 22, 2015.

## A. *Depositions*

Depositions may be used at trial provided that the opposing party "was present or represented at the taking of the deposition or had reasonable notice of it." Fed. R. Civ. P. 32(a)(1)(A). Additionally, a party may use depositions in lieu of testimony when a witness is unavailable. Fed. R. Civ. P. 32(a)(4). However, "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken." Fed. R. Civ. P. 32(a)(5).

"When a party fails to provide information . . . in compliance with [Federal Rule of Civil Procedure] 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id*. The Eighth Circuit also noted that "the exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)) (internal quotation marks omitted); *see also Schier v. Golberg*, 962 F.2d 11, 1992 WL 97973, at *4 (7th Cir. 1992) (unpublished table decision) (stating that a deposition need not be permitted "to depose an unavailable witness on the eve of trial").

The deadline for discovery in this case was August 1, 2014. Scheduling Order and Discovery Plan ("Scheduling Order") (docket no. 6) at 1. The Trial Management Order (docket no. 7) states that "[w]ith respect to any witness who will appear by deposition, at least 21 calendar days before trial, the party intending to offer the witness must serve on

the opposing parties a written designation . . . of those portions of the deposition the offering party intends to have read into evidence." Trial Management Order at 10.

Harris argues that these depositions should be permitted, despite the late disclosure, because: (1) the depositions are "expected to take between 15 and 30 minutes" each, (2) the deponents are medical doctors in Arizona and cannot be compelled to attend trial, (3) even if the doctors could be compelled to attend trial, it would be a "waste of financial . . . and medical resources to require them to travel to Iowa for 30 minutes of testimony" and (4) Harris cannot afford to pay for such travel. Resistance at 2. Harris also argues that it would be unfair to grant the Motion because CRST never objected to the depositions until both were scheduled and noticed on January 15, 2015 and it is "local practice for attorneys to cooperate in taking depositions of unavailable witnesses shortly before trial, for use at trial." *Id.* at 4.

The court finds Harris's arguments unpersuasive. Although attorneys are free to reach agreements regarding depositions, nothing in the Federal Rules of Civil Procedure compels such agreement. CRST did not receive notice of the depositions until January 15, 2015, more than five months after the deadline for discovery and approximately one month after Dr. Herrera and Dr. Reinholtz were disclosed. Additionally, the notice did not provide the requisite fourteen days' notice for the taking of a deposition. *See* Fed. R. Civ. P. 32(a)(5). Aside from being untimely under the Federal Rules of Civil Procedure, the depositions are untimely under the Scheduling Order and Trial Management Order issued by the court. Even scheduling the deposition and providing notice on January 6, 2015 would have been untimely because trial is scheduled to commence on January 26, 2015. Although Harris points out that his counsel tried to contact counsel for CRST and never received a response, Harris does not give a reason for why these depositions are being taken at such a late date. Further, counsel for CRST are currently participating in an out-of-state trial, and it is prejudicial to CRST to admit depositions for which counsel for

3

CRST did not have an adequate opportunity to prepare. Although Harris argues this information is important because he "may well need evidence beyond his own testimony to show he is 'disabled' within the meaning of the Americans with Disabilities Act," Resistance at 5, its importance does not outweigh "the surprise and prejudice to the opposing party" should the depositions be permitted at this late date. *Wegener*, 527 F.3d at 692 (quoting *ELCA Enters.*, 53 F.3d at 190) (internal quotation marks omitted). The court recognizes that exclusion of evidence "should be used sparingly." *Id*. (quoting *ELCA Enters.*, 53 F.3d at 190) (internal quotation marks omitted). Nonetheless, the facts in the instant case justify such a remedy. Accordingly, the court shall grant the Motion with respect to the depositions. With regard to the deposition that took place on January 20, 2015, the deposition will not be admitted at trial.

## *B. Attorneys' Fees*

CRST requests that the court award fees "necessitated by the filing of this motion." Motion at 4. Under Federal Rule of Civil Procedure 37, a court may award attorney's fees when a motion for an order compelling disclosure or discovery is granted. *See* Fed. R. Civ. P. 37(a)(5). That is not the situation in the instant action and attorneys' fees are not warranted. Accordingly, the court shall deny the Motion with respect to attorneys' fees.

## *IV. CONCLUSION*

In light of the foregoing, the Motion for Protective Order (docket no. 54) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED** this 21st day of January, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA